UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA RAE PLUMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:20-cv-1811-MTS |
| | ) |
| KILOLO KIJAKAZI, *Acting Commissioner of* | ) |
| *the Social Security Administration*,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Acting Commissioner of Social Security, denying the application of Debra Rae Plummer ("Plaintiff") for Disability Insurance Benefits ("DIB").[2] In December 2018, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act"). (Tr. 153). Plaintiff alleges disability due to depression, anxiety, and a combination of physical impairments with an alleged onset date of October 4, 2014.[3] (Tr. 175). In March 2020, following a hearing, an Administrative Law Judge ("ALJ") issued her decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 9–22). For the following reasons, the Court affirms.[4]

---

[1] Kilolo Kijakazi is now the Acting Commissioner of SSA. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is substituted as the proper defendant.

[2] Section 1383(c)(3) of the Act provides for judicial review of the SSA Commissioner's "final decision." After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 9–22), the Appeals Council denied Plaintiff's request for review, (Tr. 1–5); thus, the ALJ's decision stands as the Commissioner's final decision.

[3] The physical impairments are: two strokes, seizure disorder, rheumatoid arthritis, fibromyalgia, diabetes mellitus, trigeminal neuralgia, chronic bronchitis, confusion, extreme fatigue, and being a fall risk.

[4] The Court notes the elongated pleading and briefing of this case. Plaintiff filed the instant Complaint on December 18, 2020. Doc. [1]. Defendant did not file its Answer until June 2021. Doc. [12]. Plaintiff did not file her Brief in support of the Complaint until October 15, 2021, Doc. [21], with Defendant filing its Response Brief on December 22, 2021, Doc. [28]. Plaintiff did not file a Reply Brief.

1

I.  **Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment. *Id.* at §§ 404.1520(a)–(d). If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5. *Id.* at § 416.920(e). At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545. The Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the demands of the claimant's past

relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled.  *Id.*

The Court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole.  *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it.  *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision).  The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration."  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)).  Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp."  *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

## II. The ALJ's Decision

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") from the time of her alleged onset date of October 4, 2014, through her date last insured of March 31, 2018.[5] (Tr. 11–12). At Step 2, the ALJ found Plaintiff had severe impairments of status-post cerebrovascular accident ("CVA"), status-post brain surgery for benign tumor, seizure disorder, and obesity. (Tr. 12–14). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 14–15). Thus, the ALJ went on to find Plaintiff had the RFC to perform "light work," as defined in 20 C.F.R. § 404.1567(b), with non-exertional limitations.[6] (Tr. 15–21). At Step 4, the ALJ found Plaintiff could return to her past relevant work as a telecommunicator supervisor. (Tr. 21). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 22).

## III. Discussion

The specific issue in this case is whether the ALJ's finding that Plaintiff can return to her past relevant work is supported by substantial evidence. The Court notes that although Plaintiff lists, albeit bullet-point style, eight specific issues with the ALJ's decision, see Doc. [21] at 2, Plaintiff's Brief provides no coherent legal theory or meaningful analysis. Plaintiff devotes just one-and-a-half pages of her eight-page brief discussing just one issue (past work), Doc. [21] at 6–8, which the Court notes also lacks legal argument and factual citations. Thus, the Court's analysis will focus on just the one issue.

---

[5] Plaintiff's date last insured is March 31, 2018. Plaintiff does not contest this point. Thus, she must establish that she was disabled between October 4, 2014, and March 31, 2018, in order to qualify for benefits under the Act.

[6] Plaintiff cannot work at unprotected heights or near moving mechanical parts. (Tr. 15). Plaintiff could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. Plaintiff could occasionally balance, stoop, kneel, crouch, and crawl.

The ALJ concluded that Plaintiff could perform her past work after questioning a vocational expert ("VE") regarding a hypothetical person with Plaintiff's RFC. (Tr. 21, 62–69). To the best that the Court can conjure up a legal theory to support Plaintiff's Brief, it finds that Plaintiff's argument is that *if* the ALJ had asked the VE a hypothetical question based on a more restrictive RFC, then the VE would not have found Plaintiff could perform her past work or that Plaintiff could work at all. Doc. [21] at 6–7.

Although not expressly argued by Plaintiff, the Court finds that the RFC and credibility analysis are supported by substantial evidence. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003) (explaining the ALJ properly limits RFC to impairments and limitations found credible); *Bryant v. Colvin*, 861 F.3d 779, 782–83 (8th Cir. 2017) (deferring to ALJ's credibility determination if it is supported by good reasons and substantial evidence). Based on that RFC finding, the ALJ asked the VE whether someone with Plaintiff's RFC could perform work as a telecommunicator supervisor and the VE answered the question in the affirmative. (Tr. 66); *see Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014) ("a hypothetical need only include impairments that the ALJ finds credible"); 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists ... to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."); *Wagner*, 499 F.3d at 853–54 (explaining the Eighth Circuit considers VE testimony at Step 4). Because the ALJ properly evaluated the record, formulated Plaintiff's RFC, and relied upon testimony from a vocational expert, the Court finds that the ALJ's Step 4 finding is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 15th day of June 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE